**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MIAMI TRIBE OF OKLAHOMA BUSINESS DEVELOPMENT AUTHORITY, a tribal enterprise of the Miami Tribe of Oklahoma, a federally recognized Indian tribe, <br><br> Plaintiff, <br><br> v. <br><br> ROCKET GAMES, INC., a Delaware corporation; and DOES 1 through 10, inclusive, <br><br> Defendant. | Civil Action No. _____ <br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Miami Tribe of Oklahoma Business Development Authority, a tribal enterprise of the Miami Tribe of Oklahoma, a federally recognized Indian tribe, for its causes of action against alleges against Defendant Rocket Games, Inc., a Delaware corporation, alleges and states as follows:

### NATURE OF THE CASE

1.      This is an action for registered trademark infringement and false designation of origin under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. §1114(1) and 15 U.S.C. §1125(a)).

### THE PARTIES

2.      Plaintiff Miami Tribe of Oklahoma Business Development Authority ("Plaintiff" or "MBDA"), is a tribal enterprise of the Miami Tribe of Oklahoma, a federally recognized Indian tribe, with its principal place of business in Miami, Oklahoma.

3.      Upon information and belief, Defendant Rocket Games, Inc. ("Defendant")  is a Delaware corporation having its principal place of business at 451 Kansas Street, #351, San Francisco, CA  94107

4.      The true names and capacities of the Defendant named herein as DOES 1 through

10 are other parties or entities who are not currently known to Plaintiff which are liable to Plaintiff for the damages complained of herein.  Therefore Plaintiff sues said Defendant, whether individuals, corporations, or another type of entity by these fictitious names.  Plaintiff will seek leave of this court to amend its complaint to include the actual names of said Defendant when their identities are determined during the course of this litigation.  Plaintiff incorporates by reference herein all paragraphs of this complaint against said unknown Defendant.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Federal Trademark Act) and 28 U.S.C. 1338(a) (acts of Congress relating to trademarks).

6.     Upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction due to its business activities in this Judicial District, regularly soliciting business in this Judicial District, deriving substantial revenue from goods and services provided to individuals in this Judicial District, and committing actions that it knew or should have known would cause injury to Plaintiff in this Judicial District.

7.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### *Plaintiff's ROCKET Trademarks*

8.     Plaintiff is the owner of a family of trademarks using the word ROCKET, including U.S. Trademark Registration No. 2,845,613 for the trademark ROCKET GAMES for "Gaming machines, namely, bingo-related games and slot machines," which registered in May 2004 and is still valid to the present day (the "ROCKET GAMES Mark").

9.     Plaintiff is also the owner of trademark registrations for the marks ROCKET GAMING SYSTEMS and ROCKET GAMING NETWORK (together with the "ROCKET GAMES Mark", the "Registered ROCKET Marks").  *See* U.S. Trademark Registration No. 3,003,729 for the trademark ROCKET GAMING SYSTEMS for "Creation and development of

gaming machines and gaming machine software for others and the licensing of intellectual property," which registered in October 2005, and U.S. Trademark Registration No. 4,799,820 for the trademark ROCKET GAMING NETWORK for "Gambling services," which registered in August 2015.

10.     Since at least as early as September 2000, Plaintiff (or its predecessors-in-interest) has used the ROCKET GAMES Mark in connection with bingo-related games and slot machines (the "Plaintiff's Goods").

11.     Plaintiff (or its predecessors-in-interest) has used the mark ROCKET GAMING SYSTEMS in connection with the creation and development of gaming machines and gaming machine software for others since at least as early as April 2003 and has used the mark ROCKET GAMING NETWORK in connection with gambling services since at least as early as June 2004 (the "Plaintiff's Services" and together with Plaintiff's Goods, "Plaintiff's Goods and Services").

12.     Plaintiff has also used the mark ROCKET since at least as early as 1996 and ROCKET GAMING since at least as early as 2002  (together with the "Registered ROCKET Marks", the "ROCKET Marks"), both in connection with Plaintiff's Goods and Services, including on Plaintiff's website **www.rocketgaming.com**.

13.     Plaintiff has spent considerable time, effort and money to advertise, promote, and market the ROCKET Marks in connection with Plaintiff's Goods and Services throughout the United States.

14.     By virtue of Plaintiff's extensive, continuous, and exclusive use of the ROCKET Marks in connection with Plaintiff's Goods and Services, Plaintiff's ROCKET Marks have come to be recognized and relied upon by consumers as uniquely identifying Plaintiff's Goods and Services and distinguishing Plaintiff's Goods and Services from similar goods and services offered by others.

15.     By virtue of Plaintiff's extensive, continuous, and exclusive use of the ROCKET GAMES Mark in connection with Plaintiff's Goods and the ROCKET GAMING SYSTEMS and ROCKET GAMING NETWORK marks in connection with Plaintiff's Services, Plaintiff has

developed substantial goodwill in the ROCKET Marks throughout the United States and as a result, the ROCKET Marks have come to be associated exclusively with Plaintiff and the Plaintiff's Goods and Services.

***Defendant's Infringing Activities***

16.    Upon information and belief, Defendant, long after Plaintiff's registration of the ROCKET GAMES Mark in connection with the Plaintiff's Goods and Plaintiff's registration of the ROCKET GAMING SYSTEMS Mark in connection with the Plaintiff's Services, began using (and is still continuing to use to the present day) the mark ROCKET GAMES (the "Infringing Mark") in connection with the marketing and promotion of casino games, including the offering and promotion of downloadable computer game software applications featuring casino games and virtual gaming machines which users can download and play on their mobile devices and the entertainment services thereby offered by such games software (the "Infringing Goods and Services").

17.    Upon information and belief, Defendant is promoting the Infringing Goods and Services using the Infringing Mark on Defendant's website www.rocketgames.com (the "Infringing Domain Name"). *See* Exhibit A attached hereto and incorporated by reference.

18.    Upon information and belief, Defendant is also using the Infringing Mark in connection with promoting the Infringing Goods and Services on third party computers software application stores such as iTunes and the Google Play store where Defendant's computer game software featuring casino games and virtual gaming machines is available for download. *See* Exhibit B attached hereto and incorporated by reference.

19.    The Infringing Mark is identical in sight, sound, meaning, and commercial impression to the ROCKET GAMES Mark as well as highly similar to the sight, sound, meaning, and commercial impression of the other two ROCKET Marks owned by Plaintiff, and thus likely to be confused with Plaintiff's Goods and Services marketed using the ROCKET Marks.

20.    Upon information and belief, the nature of Defendant's Infringing Goods and

Services is identical to and/or highly similar to the Plaintiff's Goods and Services marketed using the ROCKET Marks.

21.     Upon information and belief, Defendant's Infringing Mark will be perceived as the same as Plaintiff's ROCKET Marks by consumers who are likely to believe that the source and origin of the Infringing Goods and Services emanate from or are sponsored by or affiliated with Plaintiff.

22.     Upon information and belief, Defendant's use of the Infringing Mark in connection with Defendant's Infringing Goods and Services has caused (and is continuing to cause) actual confusion in the marketplace, including reverse confusion, among consumers who mistakenly believe that Defendant's Infringing Goods and Services are affiliated with, connected to, or associated with Plaintiff's Goods and Services marketed under the ROCKET Marks.

23.     Specifically, Plaintiff has received numerous consumer complaints from customers who used Defendant's Infringing Goods and Services and who contacted Plaintiff to complain about the Infringing Goods and Services under the belief that Plaintiff was responsible for Defendant's Infringing Goods and Services.

24.     The extent of the confusion has been so significant that when Plaintiff's customer service representatives tried to explain that there was no affiliation between Plaintiff and Defendant or its Infringing Goods and Services, such customers expressed disbelief based on the fact that the Infringing Mark was identical to Plaintiff's ROCKET GAMES Mark and nearly the same as Plaintiff's other ROCKET Marks and because the Infringing Goods and Services were identical to Plaintiff's Goods and Services.

25.     These confused customers expressed the belief that the Infringing Goods and Services, and Plaintiff by association, were part of a consumer scam and threatened to report Plaintiff to the media, to the Better Business Bureau (BBB), and to governmental authorities for unfair business practices arising from Defendant's Infringing Goods and Services notwithstanding Plaintiff's explanation to these customers that Defendant's Infringing Goods and Services were  not affiliated in any way with Plaintiff.

26.     Plaintiff's Goods and Services are sold within the context of the gaming industry, which is highly regulated in order to protect consumers from consumer fraud.  Defendants' marketing of the Infringing Goods and Services in an unregulated environment and using the Infringing Mark in a manner which is causing consumer's to believe that Plaintiff is "ripping off" consumers relative to gaming machines is causing irreparable harm to and tarnishment of the reputation and goodwill that Plaintiff has built up with respect to the ROCKET Marks as well as jeopardizing Plaintiff's standing in the gaming industry and with gaming regulators who are tasked with making sure that Plaintiff's business activities do not violate gaming regulations designed to protect consumers from unfair or rigged gaming machines.

27.     On February 5, 2015, Plaintiff's counsel sent a letter to Defendant via e-mail and via certified mail demanding that Defendant cease and desist from using the Infringing Mark in connection with the Infringing Goods and Services.  The certified letter was signed for by Defendant on February 16, 2016.  To date, Defendant has not responded to Plaintiff's letter nor complied with Plaintiff's demands.

28.     Upon information and belief, Defendant has continued to use the Infringing Mark and Infringing Domain Name in connection with Defendant's Infringing Goods and Services despite having both constructive notice and actual notice of Plaintiff's rights to the ROCKET Marks in connection with Plaintiff's Goods and Services.

29.     Upon information and belief, Defendant's continued use of the Infringing Mark to identify the Infringing Goods and Services and Infringing Domain Name to promote the Infringing Goods and Services has been done willfully, intentionally, and deliberately with full knowledge and willful disregard of Plaintiff's prior established rights in the ROCKET Marks with respect to Plaintiff's Goods and Services.

30.     Unless enjoined by this Court, Defendant's continued use of the Infringing Mark and Infringing Domain Name in connection with Defendant's Infringing Goods and Services is likely to continue causing consumers to be confused, mistaken, or deceived as to the affiliation, connection or association of Defendant's Infringing Goods and Services with Plaintiff and as to

the origin, sponsorship, or approval of Defendant's Infringing Goods and Services by Plaintiff.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement Under 15 U.S.C. § 1114)

31.　　Plaintiff hereby realleges and incorporates by reference the allegations of each of the paragraphs of this Complaint as if fully set forth herein.

32.　　This is a claim for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

33.　　Defendant's Infringing Mark is a colorable imitation of Plaintiff's federally registered ROCKET Marks and Defendant's use of the Infringing Mark and Infringing Domain Name in connection with the advertising and promotion of the Infringing Goods and Services is without permission, authority or consent of the Plaintiff and said use is likely to cause confusion, to cause mistake and/or to deceive, including reverse confusion.

34.　　Defendant's use of the Infringing Mark and Infringing Domain Name in connection with the advertising and promotion of the Infringing Goods and Services has been made willfully and deliberately notwithstanding Plaintiff's well-known and prior established rights in its federally registered ROCKET Marks and with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. §1072.

35.　　Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill in its federally registered ROCKET Marks for which Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a))

36.　　Plaintiff hereby realleges and incorporates by reference the allegations of each of the paragraphs of this Complaint as if fully set forth herein.

37.　　This is a claim for false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.     Defendant's use of the Infringing Mark constitutes a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, including reverse confusion, and to cause mistake, and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's Infringing Goods and Services and commercial activities by Plaintiff.

39.     Upon information and belief, Defendant's selection and use of a mark that is confusingly similar to Plaintiff's ROCKET Marks in connection with Defendant's Infringing Goods and Services was done willfully, intentionally, and deliberately with full knowledge and willful disregard of Plaintiff's well-known and prior established rights in the ROCKET Marks.

40.     As a direct and proximate result of Defendant's false designation of origin and unfair competition, Plaintiff has suffered, and unless enjoined by this Court will continue to suffer, monetary loss and irreparable injury and other damage to Plaintiff's business, reputation and goodwill in Plaintiff's ROCKET Marks for which Plaintiff has no adequate remedy at law.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues raised in the Complaint which are triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

A.      That the Court enter judgment in favor of Plaintiff and against the Defendant on all claims for relief alleged herein;

B.      That a preliminary and permanent injunction issue pursuant to Section 34 of the Lanham Act (15 U.S.C. §1116) enjoining and restraining the Defendant and their respective owners, parent companies, subsidiary companies, related companies, successors, assigns, officers, directors, agents, employees and attorneys, and all persons or entities in active concert, participation, or privity with any of them, from using, on or in connection with the manufacture,

sale, importation, exportation, purchase, order, offer for sale, distribution, transmission, advertisement, display and promotion of any products or services, the ROCKET Marks or any other marks that are confusingly similar to the ROCKET Marks, including but not limited to the Infringing Mark in connection with the Infringing Goods and Services as well as any other related goods and services, and from using the Infringing Domain Name and from registering, using, or trafficking any domain names that contain any words or combination thereof that are likely to cause confusion with the ROCKET Marks or any other marks that are confusingly similar to the ROCKET Marks;

C.     That Defendant be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which the Defendant have complied with the injunction pursuant to 15 U.S.C. §1116;

D.     That Defendant be required to account to Plaintiff for any and all profits derived by Defendant and all damages sustained by Plaintiff by virtue of the actions of the Defendant complained of herein;

E.     That Defendant be ordered to pay over to Plaintiff any and all profits derived by Defendant and all damages which Plaintiff has sustained as a consequence of the actions of the Defendant complained of herein pursuant to 15 U.S.C. §1117, subject to proof at trial;

F.     That Defendant be ordered to turn over to Plaintiff the Infringing Domain Name as well as any other internet domains owned by Defendant which contain all or part of the ROCKET Marks;

G.     That the damages resulting from the actions of the Defendant complained of herein be trebled pursuant to 15 U.S.C. §1117 and awarded to Plaintiff;

H.     That an award of interest, costs, and attorneys' fees incurred by Plaintiff in prosecuting this action be awarded to Plaintiff; and

I.     That Plaintiff be awarded all other relief to which Plaintiff is entitled and such other and further relief as this Court may deem just.

Dated: April 15, 2016

*Of Counsel:*

Ryan Gile, Esq.
(*pro hac vice admission to be submitted*)
WEIDE & MILLER, LTD.
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128-8373
Tel. (702) 382-4804
Fax (702) 382-4805
rgile@weidemiller.com

Respectfully submitted,

*/s/ Thatcher A. Rahmeier*
Thatcher A. Rahmeier (#5222)
DRINKER BIDDLE & REATH LLP
222 Delaware Ave., Suite 1410
Wilmington, DE 19801
Phone: (302) 467-4200
Thatcher.Rahmeier@dbr.com

*Attorneys for Plaintiff Miami Tribe of
Oklahoma Business Development Authority*

.